UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTEN DOWDELL,

                Plaintiff,

           v.

CITY OF ROCHESTER, et al.,

                Defendants.
_____

DECISION & ORDER

11-CV-6493G

On October 7, 2011, *pro se* plaintiff Christen Dowdell ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, against the City of Rochester, the Rochester Police Department ("RPD") and two RPD officers (collectively "defendants") alleging various constitutional violations arising from the officers' alleged use of excessive force. (Docket ## 1, 18). Currently pending before this Court are plaintiff's requests for the appointment of counsel and expert witnesses. (Docket ## 21, 22).

## FACTUAL BACKGROUND

In his amended complaint, plaintiff alleges that on October 12, 2008, at Eclipse Bar and Lounge, located at 372 Thurston Road, two RPD officers used excessive force in the course of arresting plaintiff pursuant to a parole warrant. (Docket # 18 at ¶¶ 14, 22). Plaintiff alleges that he sustained a fractured nose, chipped teeth, and bruising and swelling on the left side of his face as a result of the defendants' alleged actions. (*Id.* at ¶ 29).

Plaintiff contends that appointment of counsel is appropriate in this matter because the issues presented by his amended complaint are "extremely complex," he has difficulty understanding the applicable legal standards, the case will require expert testimony and a jury trial and will involve conflicting testimony. (Docket # 21 at 1-2).

In addition, plaintiff seeks an order compelling the Court to appoint: (1) a medical expert; (2) a psychiatric expert; (3) a police expert; and (4) a sound specialist expert. (Docket # 22 at 2). Plaintiff claims that expert witnesses will be needed regarding the "training of the officers, the state of mind of a[n] officer who has been assaulted . . . , the mandated procedure that a[n] officer must follow [when] using force and or making a[n] arrest, . . . [and] the police protocol of securing evidence from a crime scene." (*Id.* at 6). According to plaintiff, an expert also will be needed "to challenge the likelihood of plaintiff continuously resisting arrest after sustaining a fractured nose, bruised ribs, and psychological injury." (*Id.*). Further, plaintiff claims that an expert will be needed to examine the defendants' and plaintiff's medical claims and a sound specialist expert will be needed to examine Eclipse Bar and Lounge's sound system. (*Id.*).

## DISCUSSION

1. **Plaintiff's Request for the Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Couglin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Further, the facts and issues presented by the amended complaint primarily involve whether defendants used excessive force and are not complex. Moreover, "plaintiff has not established that he is unable to represent himself[,] . . . [indeed] plaintiff has demonstrated an ability to articulate his legal theories to the Court and plaintiff's testimony concerning the alleged incident and the extent of his pain and suffering will be the best evidence of his damages." *Murray v. Kirkpatrick*, 2009 WL 791281, *1 (W.D.N.Y. 2009). Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel. It is therefore the Decision and Order of this Court that plaintiff's request for the appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

    **2.**    **Plaintiff's Request for the Appointment of Expert Witnesses**

Plaintiff seeks appointment of a medical expert, a psychiatric expert, a police expert, and a sound specialist expert. (Docket # 22). Rule 706 of the Federal Rules of Evidence allows the Court, on its own motion or on motion of another party, to appoint an expert witness. Fed. R. Evid. 706(a); *Pabon v. Goord*, 2001 WL 856601, *1 (S.D.N.Y. 2001). The Court has broad discretion in determining whether to appoint an expert witness. *Id.* In deciding whether to appoint an expert witness, the Court considers "such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Benitez v. Mailloux*, 2007 WL

836873, *1 (N.D.N.Y. 2007) (citations and quotations omitted). The appointment of an expert witness pursuant to Rule 706 is not intended to aid litigants, but rather "to aid the Court, through the services of an impartial expert, in its assessment of technical issues." *Id.*; *see also Reynolds v. Goord*, 2000 WL 825690, *2 (S.D.N.Y. 2000) ("[t]he most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance") (quoting 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6304 (1997)). The Court should "bear in mind the substantial expense that defendants may have to bear if the Court appoints an expert in a case where . . . one of the parties is indigent." *Muhammad v. Wright*, 2009 WL 3246731,*1 (W.D.N.Y. 2009). Considering the large number of cases involving indigent prisoners, and the substantial costs that may result, the Court's appointment of expert witnesses should be used sparingly. *Id.* (citing *Benitez v. Mailloux*, 2007 WL 836873, at *2). "The enlistment of court-appointed expert assistance under Rule 706 is not commonplace," and courts appoint experts under Rule 706 "relatively infrequent[ly]." *In re Joint E.& S. Dists. Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (citations and quotations omitted). "[M]ost judges view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." *Id.* (citations and quotations omitted).

Here, the Court finds that court-appointed expert witnesses are unnecessary at this time. Should the Court determine that there is a compelling need to appoint expert witnesses, it will appoint them at that time. Accordingly, plaintiff's motion for the appointment of expert witnesses denied without prejudice.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for appointment of counsel **(Docket # 21)** and his motion for appointment of expert witnesses **(Docket # 22)** are **DENIED without prejudice**.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       October   2  , 2013